# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BULGARI, S.P.A., ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-05148 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| ZOU XIAOHONG, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bulgari S.p.A. ("Bulgari") filed this suit against defendant Li Jin d/b/a/ Baby Accessories Supermarket ("Li") and others, alleging, as is pertinent here, trademark infringement and false designation of origin in violation of the Lanham Act and violations of the Illinois Uniform Deceptive Trade Practices Act.

Bulgari now moves for summary judgment against Li on the aforementioned counts, and seeks the award of reasonable attorney's fees and costs and at least $100,000 in statutory damages, and a permanent injunction prohibiting Li from selling counterfeit Bulgari products and ordering the transfer of Li's PayPal account balance to Bulgari. For the reasons set forth below, this Court grants Bulgari's motion in part and denies in part.

**Background**

The following facts are undisputed. Bulgari manufactures, distributes, and retails luxury jewelry and watches under the BVLGARI brand name, which is registered with the United States Patent and Trademark Office and which has been in exclusive and continuous use since 1970. (Pl. 56.1 Resp. ¶ 1).

Li owns and operates an online Aliexpress.com store, Baby Accessories Supermarket, through which counterfeit rings bearing the BVLGARI trademark were offered for sale. (*Id.* at ¶ 2).

1

At no time was Li authorized or licensed to use the BVLGARI trademark or to sell BVLGARI products. (*Id.*).

**Legal Standard**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether a genuine issue of material fact exists, this Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[m]erely alleging a factual dispute cannot defeat the summary judgment motion." *Samuels v. Wilder*, 871 F.2d 1346, 1349 (7th Cir. 1989). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**Discussion**

In Count I of the complaint, Bulgari alleges federal trademark infringement and counterfeiting under the Lanham Act, 15 U.S.C. § 1114. Count II alleges false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). Count IV alleges violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*[1]

*Trademark Infringement, False Designation of Origin, and the Illinois Uniform Deceptive Trade Practices Act*

In order to succeed on its federal trademark infringement claim, Bulgari must establish that it has a protectable trademark and that Li's misuse of the trademark creates a likelihood of confusion

---

[1] As an initial matter, this Court addresses Bulgari's argument that Li's attorneys are in violation of Local Rule 83.15 and that their filings should therefore be stricken. In this instance this Court declines to strike Li's briefs because local counsel has since entered an appearance on Li's behalf. This Court cautions, however, that counsel are expected to proactively comply with the rules of this Court and that such dilatory compliance is looked upon with strong disfavor.

among consumers. *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000). This same analysis applies to Bulgari's false designation of origin claim and its Illinois Uniform Deceptive Trade Practice Act claim. *Trans Union LLC v. Credit Research, Inc.*, 142 F. Supp. 2d 1029, 1038 (N.D. Ill. 2001) (Moran, J.).

Here, it is undisputed that Bulgari had a protectable trademark and that Li sold products bearing that mark without license or permission. Although ordinarily the question of whether a likelihood of confusion exists is a question of fact, it may be resolved on summary judgment when "the evidence is so one-sided that there can be no doubt about how the question should be answered." *CAE, Inc. v. Clean Air Eng'g Inc.*, 267 F.3d 660, 677 (7th Cir. 2001). Moreover, counterfeit goods—those bearing a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark"—are presumed to create a likelihood of confusion. 15 U.S.C. § 1127; *see Coach Inc., et al. v. The Treasure Box, Inc.*, No. 3:11 CV 468, 2013 U.S. Dist. LEXIS 76607, at *10-11 (N.D. Ind. May 31, 2013) (collecting cases recognizing that counterfeit goods are presumed to create a likelihood of confusion). Here, Li concedes that the rings he was selling bore counterfeit BVLGARI marks. (Pl. 56.1 Resp. 1). Accordingly, the undisputed evidence establishes as a matter of law that Li's rings created a likelihood of confusion.

This Court is not persuaded by Li's argument that there was not a likelihood of confusion because the counterfeit products he was selling were exponentially cheaper than genuine BVLGARI products. *See Sara Lee Corp. v. American Leather Prods.*, No. 97 C 4158, 1998 U.S. Dist. LEXIS 11914, at *50 (N.D. Ill. July 27, 1998) (Pallmeyer, J.) ("The fact that the infringer's goods are less expensive does not alter the post-sale likelihood of confusion analysis"). Nor is this Court convinced by Li's argument that there was not a likelihood of confusion because he did not use the BVLGARI mark in his product listing on Aliexpress.com. Although Li's failure to use the BVLGARI mark in his product listing may speak to his intent, that factor is irrelevant when, as here, there is a presumptive

likelihood of confusion based on the use of a counterfeit mark. *Polo Fashions, Inc. v. Clothes Encounters*, No. 84 C 2491, 1985 WL 96, at *3 (N.D. Ill. July 17, 1985) (Rovner, J.).

Accordingly, this Court grants Bulgari's motion for summary judgment on all of its claims.

*Statutory Damages*

Bulgari also contends that it is entitled to statutory damages for trademark counterfeiting under 15 U.S.C. § 1117(c)(2). Section 1117(c)(1) provides for statutory damages of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." If, however, the court finds that the use of the counterfeit mark was willful, section (c)(2) provides for statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

"Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights. Thus, knowledge need not be directly proved, but can be inferred from a defendant's conduct." *Microsoft Corp. v. Logical Choice Computers, Inc.,* No. 99 C 1300, 2001 U.S. Dist. LEXIS 479 (N.D. Ill. Jan. 19, 2011) (Pallmeyer, J.). Here, the BVLGARI mark is prominently displayed on the infringing product, Li is the owner and operator of a fairly substantial online storefront, Li admits that he has some awareness of intellectual property rights, and Li's product description entirely omits the prominent BVLGARI mark that the product bears. Collectively, these circumstances permit an inference of willful infringement. This Court is not persuaded otherwise by Li's unsubstantiated statement that "growing up in remote farmland, I was not familiar with European luxury products or brand names, including BVLGARI." *See Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir. 2001) ("Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment.").

District courts have wide discretion in awarding statutory damages, and may consider such factors as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement. *Chi— Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). Courts may also take into account the value of the plaintiff's brand and the efforts taken to protect, promote, and enhance that brand. *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, No. 03 C 4986, 2004 U.S. Dist. LEXIS 22563, at *7 (N.D. Ill. Nov. 8, 2004) (Holderman, J.).

Several of these factors favor a large statutory damages award here. It is difficult for Bulgari to prove actual damages because the internet platform Li used, Aliexpress.com, is a popular website reaching a vast customer base. (Pl. 56.1 ex. 2). The BVLGARI mark is well-known and valuable, and Bulgari has made substantial efforts to promote and protect its brand. (Morel-Chevillet Decl. ¶ 4, 6, 7, 12, 14-16). This Court's award, moreover, must be adequate to deter future infringement, intentional or unintentional, by the defendant and others similarly situated. Accordingly, this Court grants Bulgari's request of $100,000 in statutory damages.

*Injunctive Relief*

Bulgari further seeks a permanent injunction enjoining Li from further infringing Bulgari's trademark. To obtain a permanent injunction, a party must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *e360 Insight v. the Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).

Here, and in keeping with its prior orders in this matter, this Court perceives that Li's sale of counterfeit BVLGARI branded products poses unmistakable peril to Bulgari's goodwill, and therefore constitutes an irreparable injury that the available legal remedies are inadequate to

compensate for. *See Re/Max North Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) ("[D]amage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy."). The balance of hardships also favor Bulgari because a permanent injunction barring Li from selling counterfeit Bulgari products will effect no real harm but Li's continued sale of such products will further erode Bulgari's goodwill. Moreover, the public has a clear interest in the elimination of counterfeit goods from the marketplace.

Li's only opposition to such an injunction is that Bulgari has failed to establish a threat of future continued infringement. Such a showing, however, is unnecessary for this Court to grant a permanent injunction. Moreover, in light of Li's willful infringement this Court does perceive such a threat. Accordingly, this Court will grant Bulgari injunctive relief to enjoin Li from advertising, offering for sale, or selling counterfeit Bulgari products of otherwise violating Bulgari's rights.

*Attorney's Fees and Costs*

Next, Bulgari requests attorney's fees and costs. Section 1117 of the Lanham Act provides that in a case involving the use of a counterfeit mark and barring extenuating circumstances, the court shall award a reasonable attorney's fee if the violation consists of "intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of th[e] title), in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1117(b). Because, as previously discussed, there is not a dispute of material fact as to the intentional nature of Li's conduct; Bulgari is entitled to attorney's fees under the act. Moreover, as the prevailing party, Bulgari is entitled to costs pursuant to Fed. R. Civ. P. 54(d)(1). Accordingly, Bulgari's request for attorney's fees and costs is granted.

*Li's PayPal Account*

Finally, Bulgari requests that this Court order that the balance of Li's PayPal account be transferred to Bulgari. A district court may order a third party, such as PayPal, to transfer to a

6

successful plaintiff any funds that it is holding on behalf of one of its account recipients or customers in order to satisfy or partially satisfy a monetary award entered against that recipient or customer. *Chanel, Inc. v. P'ship and Unincorporated Ass'ns Identified in Schedule A*, No. H-12-02085, 2013 WL 5425252, at *5 (S.D. Tex. Sept. 26, 2013). Accordingly, and based on this Court's concerns regarding Bulgari's ability to collect from Li on this judgment absent such relief, this Court further orders that PayPal and its affiliates transfer any funds in Li's PayPal account, as well as any other PayPal accounts linked to Li, to Bulgari to satisfy the judgment awarded in this case.

## Conclusion

For the reasons stated herein, the undisputed facts demonstrate that no genuine issue of material fact exists as to the merits and that Bulgari is entitled to judgment as a matter of law. This Court therefore grants the motion for summary judgment [44]. This Court further grants Bulgari's request for a permanent injunction, and awards Bulgari $100,000 in statutory damages, as well as attorney's fees and costs. This Court therefore requests that when Bulgari submits its attorney fee affidavits, it also submits a proposed order detailing the injunctive relief sought. Finally, this Court orders that PayPal transfer the balance of Li's account to Bulgari, as detailed above.

IT IS SO ORDERED.

Date: October 15, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge